**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

VASIL YURCHENKO,

       Petitioner,

v.                                                                              ACTION NO. 2:04CV750

MARY LOISELLE
Field Office Director for
 Detention and Removal Operations
Immigration and Customs Enforcement
Department of Homeland Security
2675 Prosperity Avenue
Fairfax, VA  22031-4906,

       Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

       This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia by Order of Referral filed December 20, 2004.

**I. STATEMENT OF THE CASE**

**A. Background**

       Petitioner Vasil Yurchenko ("Yurchenko") is a citizen and native of the Ukraine. While in the custody of the United States and incarcerated in the Hampton Roads Regional Jail, petitioner

filed the instant petition, alleging that he was being illegally detained.

Correspondence sent to Yurchenko by the Clerk in January of 2005 was returned as "Moved Without Forwarding Address." On January 31, 2005, respondent was ordered to file an affidavit with this Court as to Mr. Yurchenko's current location and whether this matter may be moot. On March 2, 2005, the Court received the respondent's Response to Court Order (Document No. 6) with attached affidavit of Mark Lutz, Deportation Officer, Department of Homeland Security, stating that although Yurchenko had been released from custody he had failed to report to the Chicago Field Office of the Department of Homeland Security and his whereabouts were unknown. By Order entered March 10, 2005, petitioner was directed to show cause why the petition should not be dismissed as moot. The Court has received no response to that Order.

### B. Grounds Alleged

The petitioner alleges that he is entitled to relief pursuant to 28 U.S.C. § 2241 because his detention is violative of his constitutional rights.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas corpus is available to prisoners in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241(3)(c). Yurchenko is no longer in custody. A habeas petition is not moot, however, merely because the "in custody" requirement is no longer satisfied. See Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). The relevant inquiry is whether Yurchenko can demonstrate "collateral consequences adequate to meet Article III's injury-in-fact requirement." Id.

In his petition, Yurchenko challenges the legality of his continued detention. Because he is

no longer being detained, petitioner's request for relief from detention has been granted. Yurchenko has failed to allege any collateral consequences arising from his detention. Therefore, his habeas corpus petition is moot.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED as moot.

In addition, it is recommended that the Court decline to issue any certificate of appealability as required by Rule 22(b) of the Federal Rules of Appellate Procedure.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v.

Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

April 29, 2005

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Vasil Yurchenko
512 Grand Avenue
Bourbonnais, Illinois 60914
     [Petitioner's last known address]

Virginia Van Valkenburg, Esq.
United States Attorney's Office
8000 World Trade Center
101 W. Main Street
Norfolk, VA  23510

Elizabeth Paret, Clerk

By _____
Deputy Clerk

April      , 2005

4